JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-09404 DMG (JCx)** | Date | November 17, 2011 |
|---|---|---|---|

| Title | *Federal National Mortgage Association v. Stephenee Simms, et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On June 23, 2011, Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a complaint in Los Angeles County Superior Court for unlawful detainer against Defendant Stephanee Simms and Does 1 through 10. Fannie Mae seeks possession of real property and restitution for Defendant's use and occupancy of the property in the amount of $60 per day starting on March 15, 2011. (Compl. at 3.) On July 27, 2011, Barbara McNight, who claims to have occupied the subject property at the time that this action commenced and asserts a right of possession therein, joined this action as a defendant by filing a declaration pursuant to California Code of Civil Procedure section 415.46. McNight then removed the case to this Court on November 10, 2011, asserting subject matter jurisdiction on the basis of a federal question. *See* 28 U.S.C. §§ 1331, 1441.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint contains no federal question on its face. McNight nonetheless contends that Fannie Mae has engaged in "artful pleading" because federal law preempts an unlawful detainer action in California. (Notice of Removal [Doc. # 1] ¶¶ 6-7.) Specifically, McNight points to the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. No. 111-22, § 702, 123 Stat 1632, 1660-61 (codified at 12 U.S.C. § 5220 notes). She argues that the PTFA preempts an unlawful detainer action because it is inconsistent with California law in three respects: (1) the extent to which the purchaser at a foreclosure sale takes title subject to the rights of an existing *bona fide* tenant; (2) the number of days notice required before a purchaser

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-09404 DMG (JCx) | Date | November 17, 2011 |
|---|---|---|---|

| Title | *Federal National Mortgage Association v. Stephenee Simms, et al.* | Page | 2 of 3 |
|---|---|---|---|

at foreclosure may evict a tenant; and (3) the conditions under which a purchaser at foreclosure can give notice of termination to a tenant. (Notice of Removal ¶ 6.)

"It is 'settled law that a case may not be removed to federal court on the basis of a federal defense, *including the defense of preemption*, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)) (emphasis added). McNight disputes that PTFA preemption is a defense. According to McNight, Fannie Mae cannot state a cause of action to remove a tenant following foreclosure without an allegation that it complied with the PTFA's 90-day notice requirement. (Notice of Removal ¶ 13.)

Although McNight is correct that an unlawful detainer plaintiff "must allege and prove proper service of the requisite notice," *Palm Prop. Invs., LLC v. Yadegar*, 194 Cal. App. 4th 1419, 1425, 123 Cal. Rptr. 3d 816 (2011) (quoting *Liebovich v. Shahrokhkhany*, 56 Cal. App. 4th 511, 513, 65 Cal. Rptr. 2d 457 (1997)), it does not follow that an unlawful detainer action presents a federal question. Even if, as McNight contends, California's notice requirements are less strict than those imposed by federal law, "the plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" *Hunter*, 582 F.3d at 1042 (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)). That Fannie Mae anticipates a PTFA defense (*see* Notice of Removal ¶ 13 ("The notice purports to comply with the PTFA . . . .")) does not raise a federal question. *See Hunter*, 582 F.3d at 1042-43. To the extent McNight asserts that Fannie Mae failed to comply with the PTFA, this assertion is best characterized as a defense or potential counterclaim. *Aurora Loan Servs., LLC v. Montoya*, No. 2:11–cv–2485–MCE–KJN–PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011).

Accordingly, the Court rejects McNight's contention that the PTFA provides a basis for federal question jurisdiction. The complaint simply does not present a federal question—either explicitly or implicitly. Nor does the complaint reveal any possibility of diversity jurisdiction. The amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction. The caption of the underlying state court complaint clearly states that the amount of damages sought by Fannie Mae does not exceed $10,000.

With respect to Fannie Mae's status as a federally-chartered bank, *see* 12 U.S.C. § 1723a, the governing statute does not confer federal subject matter jurisdiction on actions involving Fannie Mae, as does the statute governing the Federal Home Loan Mortgage Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-09404 DMG (JCx) | Date | November 17, 2011 |
| Title | *Federal National Mortgage Association v. Stephenee Simms, et al.* | Page | 3 of 3 |

("Freddie Mac"). *Compare* 12 U.S.C. § 1723a(a) (enabling Fannie Mae only "to sue and to be sued"), *with* 12 U.S.C. § 1452(f) (providing that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value"); *see also Rincon Del Sol, LLC v. Lloyd's of London*, 709 F. Supp. 2d 517, 525 (S.D. Tex. 2010) ("Fannie Mae's charter does not work to confer original subject matter jurisdiction upon the Court."); *Knuckles v. RBMG, Inc.*, 481 F. Supp. 2d 559 (S.D. W. Va. 2007) (holding that neither 12 U.S.C. § 1723a nor 28 U.S.C. § 1442(a)(1) confers subject matter jurisdiction on actions involving Fannie Mae).[1]

As McNight has not established a basis for subject matter jurisdiction, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[1] The Court of Appeals for the District of Columbia has held otherwise. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779, 788 (D.C. Cir. 2008). *Pirelli*, relying on *American National Red Cross v. S.G.*, 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992), found that the statutory language in Fannie Mae's charter established subject matter jurisdiction. 534 F.3d at 784-85. In *Red Cross*, the Supreme Court set forth a rule that "a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts." 505 U.S. at 255. The statutory charter at issue in *Red Cross*, however, was different from Fannie Mae's charter in a critical respect: the Red Cross charter authorizes the Red Cross "to sue and be sued *in courts of law and equity, State or Federal*, within the jurisdiction of the United States." Act of May 8, 1947, Pub. L. 80-47, § 3, 61 Stat. 80, 81 (emphasis added). Fannie Mae's charter, in contrast, allows it "to sue and to be sued, and to complain and to defend, *in any court of competent jurisdiction*, State or Federal." 12 U.S.C. § 1723a(a) (emphasis added). The Fannie Mae statute thus looks to outside sources of jurisdictional authority; it does not itself confer subject matter jurisdiction. *See Doe v. Mann*, 415 F.3d 1038, 1045 (9th Cir. 2005) (concluding that "[25 U.S.C.] § 1914's reference to 'any court of competent jurisdiction' alone does not create subject-matter jurisdiction in the federal district court") (citing *Califano v. Sanders*, 430 U.S. 99, 106 n.6, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)).